ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### DUBLIN DIVISION

CYNTHIA J. MACINNIS,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     CV 304-83
                                  )
JO ANNE B. BARNHART,              )
Commissioner of Social Security,  )
                                  )
          Defendant.              )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.


## I. BACKGROUND

Plaintiff applied for disability benefits on April 10, 2000, alleging an onset date of December 31, 1998. Tr. 56-58. She alleged disability due to depression, alcoholism, and liver damage. Tr. 69. The Social Security Administration denied plaintiff's application and

her request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on her own behalf,[1] the ALJ issued an unfavorable decision dated March 28, 2002. Tr. 361-72. Plaintiff appealed the decision, and the Appeals Counsel ("AC") vacated the ALJ's decision and remanded the case for further administrative review. Tr. 377-79.

On remand, the ALJ held a new hearing on January 27, 2003, and heard testimony from plaintiff, plaintiff's friend Mark Keen, and vocational expert Jackson McKay. Tr. 472-536. The ALJ reached a decision denying eligibility for insurance benefits on January 29, 2004.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Section 404.1520, the ALJ found:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant retains the residual functional capacity to perform the demands of light exertional work. The claimant is unable to perform any of her past relevant work.

---

[1]Mark Keen, a friend of plaintiff, and Jackson McKay, a vocational expert, also testified at plaintiff's hearing. Tr. 454-71.

5.     When the claimant is not abusing alcohol, she is not "disabled" within the framework of Medical-Vocational Rule 202.22. There are a significant number of jobs in the national economy that the claimant can perform when she is not abusing alcohol. Examples of such jobs include work as an Office Helper, General Clerk, and Mail Clerk.

When the claimant is abusing alcohol, she is functionally "disabled" within the framework of Medical-Vocational Rule 202.22. The claimant's alcohol abuse is a contributing factor material to the determination of this claim.

Tr. 30-31.

When the AC denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ erred in failing to give proper weight to the opinions of the treating physician, that the ALJ was prohibited by administrative res judicata from finding alcohol abuse to be a contributing factor to her disability determination, and that the ALJ otherwise erred in finding alcohol abuse to be a contributing factor in determining disability.


## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not

decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the

4

decision. <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Opinions of Treating Physician

In plaintiff's first argument, she asserts that the ALJ failed to give appropriate probative weight to the opinion of a treating physician, Dr. Quentin Price. Dr. Price opined on an insurance form provided by Northwestern Mutual Life on April 11, 2001, that plaintiff "cannot work at all," that she was "chronically [and] acutely disabled." Tr. 247. Dr. Price also stated in a March 14, 2002, physician report that he does "not feel that this lady is capable of working now because her short-term memory is very poor." Tr. 360.

> In addressing the findings of plaintiff's treating physicians, the ALJ observed

> that as a result of [plaintiff's] chronic alcohol abuse, she has the symptoms of alcoholic dementia which severely affect [sic] her memory, attention, and ability to concentrate. The claimant is cognitively incapable of performing sustained activities requiring unimpaired memory, attention, concentration, persistence or pace when she is abusing alcohol. Conversely, Dr. Price noted that the claimant's alcoholic dementia would abate and subsequently resolve it's self [sic] if she stopped abusing alcohol.

Tr. 24. The ALJ also found that plaintiff's activities of daily living "do not comport with the medical reports, the type and degree of medication required, the findings made by her treating physicians, the functional limitations induced by the combined effects [of] her impairments, and the objective medical evidence." Tr. 26. After reviewing the evidence of record, including treating physicians' records, the ALJ concluded that when plaintiff "is not abusing alcohol, [she] is compliant with her psychotropic medication, her depression/anxiety abates, and she is productive and capable of performing substantial gainful activity." <u>Id.</u> The

ALJ accordingly found plaintiff's alcohol abuse to be a contributing factor in her disability determination. Tr. 31.

Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the ALJ, and treating source opinions on issues reserved to the ALJ are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

While the ALJ does not directly address Dr. Price's opinions from April 2001 and March 2002, the ALJ does address Dr. Price's records at length and the ALJ's conclusion is not contrary to the opinions from April 2001 and March 2002. The ALJ concluded that plaintiff is "cognitively incapable of performing sustained activities requiring unimpaired memory, attention, concentration, persistence or pace when she is abusing alcohol," Tr. 24, which is consistent with Dr. Price's opinions regarding the effects of her alcohol-induced dementia on her ability to work. The ALJ's further finding, that plaintiff's abuse of alcohol was a contributing factor to her disability, the finding on which the denial of insurance benefits was based, is likewise supported by Dr. Price's medical opinions. For example, in

6

a January 17, 2002, insurance form provided by Northwestern Mutual Life, a form identical

to the one that Dr. Price completed in April 2001, Dr. Price indicates that, after a period of

sobriety, plaintiff's condition was improving. Tr. 336. Other medical reports from Dr. Price

show similar improvement during periods of sobriety. E.g., Tr. 325, 316-21, 324, 359-60.

Reports from Dr. George Anderson, an examining physician, likewise indicate that plaintiff

could perform in a professional work environment "so long as she stayed off alcohol." Tr.

225.

To the extent that the ALJ's final determination conflicted with the reports of Dr.

Price, the ALJ indicated that she discounted those reports, as well as other evidence of

record, based on her observations of plaintiff and her self-reported daily living activities. Tr.

26. For the foregoing reasons, however, the Court does not find the ALJ's determination to

be in conflict with Dr. Price's opinions. The ALJ concurred with Dr. Price regarding her

alcohol-related dementia and its disabling effect on her ability to work. The ALJ's further

determination that plaintiff's abuse of alcohol was a contributing factor to her disability is

likewise consistent with Dr. Price's medical opinions. Under Title 20, Code of Federal

Regulations, Section 404.1535(b)(1), the primary consideration in determining whether abuse

of alcohol is a contributing factor to disability is whether a plaintiff would still be disabled

if she stopped using alcohol. The ALJ found that she would not be so disabled, and the

medical record supports, rather than contradicts, this finding. Accordingly, plaintiff may not

obtain relief on this ground.

### B. Res Judicata

Plaintiff next contends that the ALJ's determination of alcohol abuse being a

contributing factor should be precluded by the doctrine of administrative res judicata. According to plaintiff, since the ALJ who first evaluated her claims did not find alcohol abuse to be a contributing factor, the ALJ on remand was barred from making that finding. Plaintiff's argument fails for two reasons.

First, in the 2004 ALJ decision, the ALJ determined that plaintiff was not disabled even when she abused alcohol. Tr. 22-23. When such a determination is made, an ALJ need not address whether alcohol is a contributing factor to disability because there is no disability determination. 20 C.F.R. § 404.1535(b)(1). Thus, the ALJ made no contributing factor finding in the first decision.

Second, even if the ALJ had made a disability determination without finding alcohol to be a contributing factor, res judicata only applies when an ALJ decision has been rendered a final determination of the agency. In this case, plaintiff appealed the ALJ's decision to the AC, and the AC vacated the decision and remanded the case to the ALJ. Tr. 378. ALJ decisions that are vacated on administrative appeal do not give rise to res judicata concerns. United States v. Lacey, 982 F.2d 410, 412 (10th Cir. 1992). Thus, the prior ALJ decision did not become a final agency determination and did not implicate administrative res judicata.

## C. Substantial Evidence

Plaintiff's final argument is, in essence, that the ALJ lacked substantial evidence for her finding that alcohol was a contributing factor to plaintiff's disability. The Eleventh Circuit has recognized that "the claimant bears the burden of proving that his alcoholism or drug addiction is not a contributing factor material to his disability determination." Doughty v. Apfel, 245 F.3d 1274, 1279 (11th Cir. 2001) (following Brown v. Apfel, 192 F.3d 492 (5th

Cir. 1999)).

In determining that plaintiff has not carried the burden of proving that her alcohol abuse was not a contributing factor to her disability, the ALJ noted that from 1991 to 1997, when plaintiff was not abusing alcohol, her physical and mental condition improved and she worked full time. Tr. 29. She only became functionally disabled when she returned to her alcohol abuse. Id. Medical reports from Dr. Anderson confirmed that plaintiff's disability was so related to her alcohol abuse that if she would avoid alcohol abuse, she could be a productive worker. Tr. 225. Reports from Dr. Price, plaintiff's treating physician, further indicate that plaintiff's condition improves when she avoids alcohol. E.g., Tr. 325.

The substantial evidence required to support an ALJ's determination on review is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin, 894 F.2d at 1529 (quoting Bloodsworth, 703 F.2d at 1239).   The Court finds that the ALJ's determination of alcohol being a contributing factor to plaintiff's disability in this case is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 3rd day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE